**Robertulio ARARAT, Appellant**

v.

**DISTRICT DIRECTOR DHS/ICE.**

No. 05–4147.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Under 28 U.S.C. § 1915(e)(2)(B)
March 30, 2006.

Filed April 21, 2006.

Robertulio Ararat, Fort Dix, NJ, pro se.

Before: BARRY, SMITH, and
NYGAARD, Circuit Judges.

OPINION

PER CURIAM.

Robertulio Ararat appeals from an order of the United States District Court for the District of New Jersey, dismissing his petition for a writ of mandamus for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). We agree with the District Court, and will similarly dismiss Ararat's appeal for failure to state a claim.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1361, which gives district courts authority to compel an officer or employee of the United States or any agency to perform a duty owed to the plaintiff. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We review a court's mandamus decision for abuse of discretion, but we review non-discretionary elements *de novo. Stehney v. Perry,* 101 F.3d 925, 929 (3d Cir.1996). We note that "Mandamus is an extraordinary remedy that can only be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt.'" *Appalachian States Low–Level Radioactive Waste Com'n v. O'Leary,* 93 F.3d 103, 112 (3d Cir.1996) (quoting *Harmon Cove Condominium Ass'n, Inc. v. Marsh,* 815 F.2d 949, 951 (3d Cir.1987)).

Ararat is serving a prison sentence at the Federal Correctional Institution at Fort Dix, New Jersey, for a drug conviction. The Immigration and Naturalization Service (which has been succeeded by the Bureau of Immigration and Customs Enforcement) lodged a detainer against him, on the grounds that his drug conviction is

an "aggravated felony" that renders him subject to removal from the country.

Ararat's petition sought to have the detainer lifted based on the Supreme Court's decision in *Leocal v. Ashcroft*, 543 U.S. 1, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004), which held that an alien's conviction for driving under the influence was not a "crime of violence" and was therefore not an aggravated felony. Ararat argues that his crime was not a crime of violence, either. However, *Leocal* involved a different section of the definition of "aggravated felony," namely, 8 U.S.C. § 1101(a)(43)(F).

As the District Court pointed out, Ararat's drug conviction would fall under 8 U.S.C. § 1101(a)(43)(B), which does not require the crime to be one involving violence. Thus, his argument that the detainer should be lifted is without merit.

We further agree, for the reasons stated by the District Court, that any collateral consequences flowing from the detainer did not warrant mandamus relief. The appeal will be dismissed.